NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH E. KLING, PETITIONER, v. JOSEPH A. THORPE, RESPONDENT.

For the petitioner, *Ginsburg & Simon.*

For the respondent, *McDermott, Enright & Carpenter.*

The petitioner testified and I find the facts to be as follows:

On November 5th, 1926, he was working on a job in East Orange for Joseph A. Thorpe, a plumber by whom he was employed, and claims that when he was leaving the job and descending an iron rear stairway he slipped and fell four or five steps.

He testifies that he struck his spine and buttock. He continued on another job and claims that he then felt bad and went home. He testified that he saw a doctor named Louder four or five times afterward and was treated by him for four weeks, after which he went to Dr. Renzelle, and did not go back to work until the following January. He could not work and was obliged to quit and did not get any further work until a week before the hearing.

On cross-examination he testified that he felt weak after the fall and that he had bruises on his spine. He later qualified this and said that they were not bruises, but it was a hurt.

He testified that Dr. Louder prescribed three types of medicine and that they were all internal. When he went to Dr. Louder he said he complained of his back and could not sit down, and he finally admitted that in addition to the complaints given before he had a swollen testicle and that it started to swell November 6th or 7th. He admitted also on cross-examination that eighteen years before he had similar trouble, which was pronounced light gonorrhœa, at which time he was pronounced cured after being treated three or four months.

He testified further that he was unconscious from Saturday until Wednesday, and also testified as follows:

"I didn't know what was going on around me. I woke up on Wednesday morning and I heard my wife say, 'It is

six o'clock, you have got to get up.' I turned around and I said, 'What the heck are you getting up at six o'clock for on a Sunday morning?' She said, 'It isn't Sunday, it is Wednesday,' and I said, 'Where have I been all this time?' She said, 'You have been here all right.' "

Although he was treated by both Dr. Louder and Dr. Renzelle, neither one of these doctors were produced at the hearing. Instead the petitioner introduced the testimony of Dr. William B. Ein, who merely examined him for the purpose of testifying.

Dr. Vanderhoef testified for the respondent and stated that he found an enlargement of the right testicle, an enlargement and thickening of the epiditymis, which was hard, such as is found in about ninety-nine per cent. of gonorrhœa cases, and that he was sure that the condition was gonorrhœal epiditymitis.

Dr. Ein claimed that the petitioner had a bilateral sacro-iliac strain and lumbar strain, but Dr. Vanderhoef testified that the spots where he complained of pain were all entirely apart from the sacro-iliac joint. He further testified that there was no loss of function anywhere.

It seems preposterous to believe that if he had been sick and in bed unconscious during the period of time that he testifies that his wife would wake him up at six o'clock in the morning and tell him to get up.

It also seems to me that if Dr. Louder and Dr. Renzelle had treated the petitioner for conditions arising from the accident that the petitioner would have produced either one of these two doctors, and the failure to produce either one of them is in my mind damaging to the petitioner's case.

There was no witness to the alleged accident and I am of the opinion that an accident as he described, which enabled him to finish the job he was then engaged on, could not have been so severe as to have caused the alleged unconsciousness.

He admits having had gonorrhœa eighteen years ago and I note from the testimony that he is suffering from a similar condition or results of such a condition at the present time.

Considering all these facts and the testimony taken in the case I am of the opinion that the petitioner has not established that the condition from which he is suffering is a result of an accident arising out of and in the course of his employment, and I therefore find in favor of the respondent.

\*    \*    \*    \*    \*    \*    \*

HARRY J. GOAS,
*Deputy Commissioner.*